UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CLAUDELL GREEN,<br><br>    Petitioner,<br><br> v.<br><br>ROBERT FOX,<br><br>    Respondent. | No. 2:18-cv-01048 MCE GGH<br><br><br>FINDINGS AND RECOMMENDATIONS |

*Introduction and Summary*

It has been often said that to know where one is going, one must know where he or she has been. Such is the case with the confusing petition at hand and hence, the motion to dismiss as well. Petitioner had no less than five decisions from the state Court of Appeal spanning almost a decade regarding his conviction and sentencing (and one federal habeas decision). His petition herein is just the tip of the litigation iceberg concerning this petitioner. The litigation history serves as a necessary backdrop to the issue in the motion to dismiss.

For the reasons given below, the motion to dismiss, construed as a motion to have the court enter a summary dismissal pursuant to Rule 4 of the Rules Governing § 2254 cases, should be granted.

////

*Background Facts*

The undersigned commences the discussion here with the summary set forth by the California Court of Appeal, Second Appellate District, Division 7 ("Court of Appeal") decision on petitioner's fourth appeal.

## I. Facts of Offense

On February 23, 1995, appellant and two confederates robbed a Downey Savings & Loan. With the use of Intratec–Tec 9 automatic weapons, the robbers took money in the presence of two bank tellers. Various customers were inside the bank and the robbers took a wallet from one customer. There were surveillance cameras in the bank and appellant was photographed committing the robbery. The robbers fled in a car, but were discovered by the police and stopped. When the robbers' car came to a stop, appellant commandeered the car of a bystander at gunpoint and forced the female driver to drive him a short distance.

## II. Previous Appeals

After his convictions, Green appealed from the judgment. On appeal in *People v. Claudell Green* (Mar. 12, 1997, B096234 [nonpub. opn.]) (Green I), we reversed the convictions in counts 3 and 7 for the assault weapon offenses as the evidence was insufficient, vacated the sentence and remanded for the court to conduct proper hearings under *People v. Marsden* (1970) 2 Cal.3d 118, 84 Cal.Rptr. 156, 465 P.2d 44 and *People v. Superior Court (Romero)* (1996) 13 Cal.4th 497, 53 Cal.Rptr.2d 789, 917 P.2d 628.

On remand, the court refused to hear the *Marsden* motion and declined to grant appellant leniency under *Romero*. The court modified the components of the aggregate term, but reimposed another aggregate term of 94 years to life. Appellant appealed from the judgment.

In *People v. Claudell Green* (Nov. 16, 1998, B116177 [nonpub. opn.]) (*Green II*), the court vacated sentence, found a ten-year firearm use enhancement the court imposed unauthorized, and remanded for the court to entertain *Marsden* and *Romero* motions and to resentence appellant.

On remand, the court again refused to hear the *Marsden* motion, imposed a 94–year to life sentence and exercised its discretion and refused to strike prior convictions.

////

////

////

////

> In a third appeal, *People v. Claudell Green* (July 17, 2000, B132714 [nonpub. opn.]) (*Green III*), this court concluded appellant had been denied his constitutional right to proceedings before an unbiased judge and to a *Marsden* hearing. The court vacated sentence and remanded for further proceedings before another bench officer.

People v. Green, No. B147249, 2002 WL 390015, at *2 (Cal. Ct. App. Mar.13, 2002).

The Court of Appeal decision disposed of petitioner's fourth appeal as follows:

> The order denying appellant new appointed counsel upon denial of appellant's *Marsden* motion is vacated. The order of sentencing is also vacated. The cause is remanded for the trial court to appoint new counsel for appellant and the trial court is to permit appellant to prepare and make a motion for new trial raising the issue of effectiveness of trial counsel. New appointed counsel may also represent appellant during resentencing. The court will entertain a new *Romero* motion to strike prior convictions under the Three Strikes law prior to resentencing appellant. A bench officer other than the original trial judge should hear and determine the cause. In all other respects, the judgment is affirmed.

Id. at *6.

Things did not go well for petitioner on his fifth trip back to the trial court. Pertinent to the issues here, and in violation of double jeopardy principles, petitioner was now sentenced to a 135 years-to-life sentence. The Court of Appeal decision on petitioner's *fifth* appeal held:

> C. Defendant's Increased Sentence on Remand from *Green IV* Violated the Double Jeopardy Clause.
>
> Defendant contends that because he was originally sentenced to an aggregate term of 94 years to life, the sentence of 135 years to life imposed in *Green IV* violates the double jeopardy clause of the California Constitution. Respondent concedes error, but requests this court to modify defendant's sentence to an aggregate term of 94 years to life.
>
> […]
>
> Here, as a result of *Green I*, defendant received an aggregate term of 94 years to life. On remand, he is to be resentenced to a term no greater than 94 years to life. Furthermore, because defendant had previously been sentenced to concurrent terms on count two, on remand he may not be sentenced consecutively on that count.

People v. Green, No. B167175, 2004 WL 292138, at *6 (Cal. Ct. App. Feb. 17, 2004) (footnotes 5 and 6 omitted).

////

1    A copy of the post-appeal 2004 abstract of judgment appears in the Exhibits to the Motion
2    to Dismiss. See ECF No. 16 at 75. It does appear that the written findings made by the
3    California Department of Correction and Rehabilitation ("CDCR") with respect to interpretation
4    of the abstract on petitioner's second level administrative appeal are accurate with one exception
5    and conform to the Abstract denoted above with the one bracketed exception:

> On April 22, 2004, the appellant was resentenced on appeal by the Los Angeles County Superior Court Case Number VA031149B to three (3) Counts PC 212.5(c) Robbery Second, one (1) Count PC 215 Carjacking, two (2) Count Enhancement's PC 12022.5(a) Use of a Firearm [actually there were three on the Abstract] and one (1) Case Enhancement PC 667(a)(1) Prior Felony Conviction of Serious Offense as a Third Strike Offender for a total term of ninety-four (94) years to life.

ECF No. 16 at 63-64 (CDCR Second Level Appeal Decision).

The administrative findings continued:

> Effective July 1, 1977, the PC 12022.5(a) Use of a Firearm, became violent as defined by PC 667.5 (c)(8) which states "For purposes of this section, Violent Felony shall mean any of the following: any felony in which the defendant uses a firearm which use has been charged and proved in subdivision (a) of Section 12022.5" [sic] (in original).

Id. at 64.

Petitioner filed a federal habeas corpus action soon after the final 2004 sentence, however that habeas petition did not deal with the after-sentencing issues herein.

In November 2016, the California Constitution was amended (Proposition 57) to provide that "any person convicted of a nonviolent felony offense and sentenced to state prison shall be eligible for parole consideration after completing the full term for his or her primary offense." Cal. Constitution, art. I, section 32(a)(1).

Petitioner believed (and maintains the belief) that he was convicted of only a "serious" felony for Three Strikes purposes, but not a "violent" felony. He proceeds on the erroneous belief that the two are mutually exclusive. He first filed a state habeas petition in the Solano County Superior Court challenging the lack of parole and/or its consideration pursuant to Proposition 57. He asked to be released immediately. The bottom line of the Superior Court's order was that

4

petitioner had not exhausted his administrative remedies. ECF No. 16 at 59-61.

Petitioner therefore petitioned CDCR to have his record corrected and to provide him with parole/parole consideration much sooner than his sentence warranted. His First Level Appeal was denied on September 10, 2017. ECF No. 16 at 30-31. His Second Level Appeal was denied on October 23, 2017. ECF No. 16 at 63-64. The precise findings need not be detailed here again, but petitioner was found to have committed a violent felony and was not eligible for immediate benefits of Proposition 57.

A second state habeas petition was filed which again was denied on November 30, 2017. ECF 16 at 55-56. The order stated:

> Since Proposition 57 parole consideration is limited to those individuals who were "convicted of a nonviolent felony offense" and Green was convicted of second-degree robbery and carjacking, which are violent felonies pursuant to Penal Code section 667.5 subdivisions (c)(9) and (c)(17), Green is ineligible for Proposition 57 parole consideration."

Id. at 55.

Petitioner sought habeas review with the California Court of Appeal, First Appellate District, Division 3 and the California Supreme Court; both of his petitions were met with silent denials. ECF No. 16 at 82; 128. This federal habeas petition followed.

*The Federal Habeas Petition*

<u>Motions to Dismiss in Habeas Practice</u>

Motions to dismiss, akin to Fed. R. Civ. P. 12(b)(6), are an odd fit in habeas practice. The Ninth Circuit has held that such motions based on failure to state a claim are not to be filed. O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir. 1990) ("The Supreme Court has stated that the view 'that a Rule 12(b)(6) motion is an appropriate motion in a habeas corpus proceeding' is 'erroneous.'") (citing to Browder v. Director, Ill. Dept. of Corrections, 434 U.S. 257, 269 n. 14 (1978) (permitting the result of dismissal, however, because Rule 4 of Rules Governing § 2254 Cases allows the judge to make a summary dismissal)). If petitions are to be dismissed on their merits, such a dismissal should be occasioned by an answer, lest habeas practice sanction dual, redundant merits procedures—a motion and an answer. Nevertheless, as referenced in Rule 4,

5

Advisory Committee Notes, at times a motion is the better way to go rather than have respondent tasked with a full answer on the merits only to have the petition dismissed on procedural grounds. The Ninth Circuit has expressly permitted procedural motions in habeas practice. White v. Lewis, 874 F.2d 599, 602-03 (9th Cir. 1989).

Respondent was authorized to file a motion by the undersigned's order serving the petition on respondent. Respondent filed his motion based on the vagueness of the petition and failure to state a claim. Because the failure to state a claim part of the motion is based on solely legal grounds—federal courts sitting in habeas do not sit to interpret state law—the undersigned will permit it and/or treat it as a request to enter summary dismissal.[1]

The petition is difficult to decipher, but the overriding theme is petitioner's belief that he has only been convicted of a "serious" felony, not a "violent" felony, entitling him to the parole benefits of California's Proposition 57. Accordingly, he asks this court to review several, asserted state law errors by CDCR and the state courts. The heading of his claims are as follows:

> Claim One: 14th Amendment Violation, Of Proposition 57," and California Constitution Article 1, Section 32 (a)(1)(A), And see Brown v. Superior Court, 63 Cal. 4th at p. 340.(2016).
>
> Claim two: 14th Amendment Violation of Judicial Authority, and Finder of Facts:
>
> Claim Three: 14th Amendment Violation of Ex Post Facto/Prospective Law

No matter how petitioner argues it, or how many times he inserts the words "Fourteenth [14th] Amendment," he is alleging that state courts misinterpreted state law in precluding Proposition 57 from applying to his situation. The cases are now well established that the application of Proposition 57 by state courts does not raise a federal issue—the application is solely a matter of state law. Alford v. Doe, No. CV 18-00398-AB (AS), 2018 WL 1187542

////

////

---

[1] The one area in habeas practice where federal courts do analyze state law are ineffective assistance of counsel claims based on a failure to adhere to state law which had a prejudicial effect on the outcome. Even in this situation, however, the federal court is bound by state interpretations of its law.

(C.D. Cal. Mar. 6, 2018); Travers v. the People of California, No. 17-cv-06126-SI, 2018 WL 707546 (N.D. Cal. Feb. 5, 2018); Daniels v. CDCR, No. 1:17-cv-01510-AWI-BAM, 2018 WL 489155 (E.D. Cal. Jan. 18, 2018).

Petitioner is confused by his sentencing process, and legitimately so. It took nearly a decade for the trial court to sentence petitioner properly. But the final result in 2004 is the sentence petitioner received for his 1995 crimes of robbery and carjacking, enhanced by use of a firearm. See case history above. Proposition 57, a latter day benefit to *some* in the *parole consideration* process, does not change the state law in petitioner's favor. And, petitioner's sentence was never retroactively enhanced by use of a modern day statute. Thus, the ex post facto arguments are meritless. Moreover, the Solano County Superior Court decision that based on state law, petitioner's conviction for crimes of violence utilizing a firearm precludes his parole consideration under Proposition 57, are decisions which this court is not free to overturn. ECF No. 16 at 55-56 (subsequently adopted by the Court of Appeal and the State Supreme Court through their silent denials). Petitioner cannot change this fact by mere verbiage that the state decisions based on state law created a "violation of the Fourteenth Amendment." Langford v. Day, 110 F.3d 1380, 1389 (9th Cir. 1996). It is of no moment whether the state courts correctly interpreted state law—the state law decision is untouchable in federal court.

*Conclusion*

The petition should be denied for the reasons set forth above.

Pursuant to Rule 11 of the Federal Rules Governing Section 2254 Cases, this court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. A certificate of appealability may issue only "if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). For the reasons set forth in these findings and recommendations, a substantial showing of the denial of a constitutional right has not been made in this case.

////

////

////

Accordingly, IT IS HEREBY RECOMMENDED that:

1. Respondent's motion to dismiss (ECF No. 16) be granted;

2. The petition be dismissed with prejudice; and

3. The District Judge decline to issue a certificate of appealability.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty-one days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within fourteen days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: January 28, 2019

/s/ Gregory G. Hollows
UNITED STATES MAGISTRATE JUDGE